FILED

2026 JAN 29 AM 11: 27

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY:_____jjj_____

*Fee Due*

# Louise Coachman, Pro Se

A PRO SE INDIVIDUAL
PASADENA CA, 91103
TELEPHONE (818)696-3939
LULUCOACHMAN@GMAIL.COM

LOUISE COACHMAN SHOLES

PRO SE FOR PLAINTIFFS LOUISE COACHMAN SHOLES AND DEPENDENTS

## UNITED STATES DISTRICT COURT CENTRAL DISTRICT OF

## CALIFORNIA WESTERN DIVISION

| | |
|---|---|
| LOUISE C SHOLES, an individual; and JULIAN SHOLES, an individual; and LAURA SHOLES, an individual.<br><br>Plaintiff,<br><br>vs.<br><br>THE COUNTY OF SANTA BARBARA; DARREL E PARKER, an individual; HON PATRICIA KELLY; in her individual capacity; VANESSA KIRKER WRIGHT, in her individual capacity; and MAYA SHULMAN, an individual; HON COLLEEN STERNE, in her individual capacity; HON PAULINE MAXWELL, in her individual capacity; STEVEN SHOLES, an individual; PATRICIA GUERRERO, Chief Justice of California; SHELLEY CURRAN; Administrative Director<br><br>Defendants. | CASE NO.: 2:26-CV-916-AH-ADS<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **42 U.S.C. SECTION 1983- 14th AMENDMENT - DUE PROCESS**<br><br>2. **42 U.S.C. SECTION 1983- 14th AMENDMENT – FAMILY INTERGRITY**<br><br>3. **PETITION GOVERNMENT FOR REDRESS OF GRIEVANCES – 1st AMENDMENT**<br><br>4. **42 U.S.C. SECTION 1983- 4th AMENDMENT – UNREASONABLE SEIZURE**<br><br>5. **42 U.S.C. SECTION 1983- *MONELL* CLAIM**<br><br>6. **42 U.S.C. SECTION 1983- 4th AMENDMENT – EQUAL PROTECTION**<br><br>7. **42 U.S.C. SECTION 1985- 14th CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS**<br><br>8. **42 U.S.C. SECTION 1983- 14th AMENDMENT EQUAL PROTECTION (Court)** |

- 1 -

**PLAINTIFFS COMPLAINT FOR DAMAGES**

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

## I. INTRODUCTION.

1. Plaintiffs, Louise Coachman Sholes, Julian Sholes, and Laura Sholes bring this complaint for damages against the County of Santa Barbara, State of California, Hon Kelly, Hon Sterne, Darrel Parker, Maya Shulman, Vanessa Kirekr Wright, and Steven Sholes for deliberate indifference and violations of federal constitutional rights stemming from a disturbing incident in which Julian and Laura Sholes, Plaintiffs, were forcefully and unlawfully removed from their loving mother and grandmother's care without due process, physical evidence, or jurisdiction for over a year. Plaintiffs survived the unreasonable and tragic separation from the **family unit** with traumatic psychological and emotional damages compromising their lives and livelihoods.

2. Family Law judges have the discretion and it is their subject-matter expertise to re-allocate parental custody, but they do not have jurisdiction to revoke children from parents without the proper channels: Section 300 Petition (filed by a social worker) and transfer to a Dependency court. Hon Judge Sterne and the Supreme Court of Santa Babara did not have a warrant or the necessary authority to revoke the children Julian Sholes and Laura Sholes from their family home and their mother's care. By acting in silo, Hon Sterne along with Ms. Kirker Wright deliberately failed to follow the known legal process and acted outside of the jurisdiction of the Supreme Court of Santa Barbara Anacapa Division. This act constitutes a breach in immunity for Hon Sterne and for all affiliated parties and Defendants, including leadership of the Superior Court of Santa Barabara Anacapa Division.

3. Plaintiff's story is not unique, as months later another child was removed from their family home and unit without the proper channels and again another order that was not within the jurisdiction of the Family Court Department 5 in Santa Barbara Superior Court Anacapa Division. This is a systematic issue of the court not only for Plaintiffs but for other mothers and children who are victims of a process gone wrong. Plaintiffs have the right to the **bonds and relationships with their mothers and maternal grandmother** without unreasonable and unlawful separation. **Plaintiffs were deprived of their right to familial association.**

- 2 -

4. Plaintiff brings this action both on her own behalf and as a Next Friend for her minor children. Under recent federal guidance recognizing the inseparable nature of the parent-child liberty interest in familial integrity, Plaintiff asserts that she is a fit and adequate representative to protect the constitutional rights of the family unit, as the children's interests are properly aligned with her own.

5. Ms. Kirker abandonment of her duty – choosing to facilitate an illegal seizure rather than defend the children's 4th Amendment rights – stands as a stark testament to why a mother is the most vigilant and necessary advocate for her children's liberty and the only one capable of truly protecting the sanctity of the family unit.

## II. **PARTIES**

6. Plaintiff, LOUISE C SHOLES, is an individual U.S. citizen by birth living in the State of California.

7. Plaintiff, JULIAN SHOLES, is an individual living in the State of California.

8. Plaintiff, LAURA SHOLES, is an individual living in the State of California.

9. Defendant, THE COUNTY OF SANTA BARBARA, is a municipality organized and operating within the State of California which oversaw the SUPERIOR COURT OF SANTA BARBARA prior to 1997. Defendant is sued as a local government entity for monetary damages.

10. Defendant, DARRELL E PARKER, an individual living in the State of California, residing in the County of Santa Barbara. At all times relevant, Defendant was employed as the Court Executive Officer (CEO) and Clerk of the Court for the Superior Court of California, County of Santa Barbara. Defendant is sued in his INDIVIDUAL CAPACITY for monetary damages.

11. Defendant, HON PATRICIA KELLY, an individual living in the State of California. For all times relevant, Defendant was presiding judge of Superior Court of Santa Barbara Anacapa Division. Defendant is sued in her INDIVIDUAL CAPACITY for monetary damages and for INJUNCTIVE RELIEF.

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

- 3 -

**PLAINTIFFS COMPLAINT FOR DAMAGES**

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

12. Defendant HON COLLEEN STERN, an individual living in the State of California, residing in the County of Santa Barbara. At all times relevant, Defendant was employed as a Judge for the Superior Court of California, County of Santa Barbara. Defendant is being sued in her INDIVIDUAL CAPACITY for monetary damages.

13. Defendant HON PAULINE MAXWELL, an individual living in the State of California. At all times relevant to the violation occurring in 2024, Defendant was employed as a Judge for the Superior Court of California, County of Santa Barbara, and served as its Presiding Judge. Defendant is sued in her INDIVIDUAL CAPACITY for monetary damages.

14. Defendant VANESSA KIRKER WRIGHT, an individual and a citizen of the State of California, residing in the County of Santa Barbara. At all times relevant, Defendant was a licensed attorney in the State of California, acting as a court-appointed Minor's Counsel (Children's Attorney) for the Santa Barbara Superior Court. Defendant is sued in her INDIVIDUAL CAPACITY for monetary damages.

15. Defendant MAYA SHULMAN, an individual and opposing counsel in the SHOLES V SHOLES case. Defendant is sued in her INDIVIDUAL CAPACITY for monetary damages.

16. Defendant STEVEN SHOLES an individual living in the State of California. Defendant is being sued for monetary damages.

17. Defendant PATRICIA GUERRERO, an individual and a resident of the State of California. Defendant is the Chief Justice of California and serves as the Chair of the Judicial Council in California. Defendant is sued in her OFFICIAL CAPACITY for injunctive and declaratory Relief.

18. Defendant SHELLEY CURRAN, is an individual and a resident of the State of California. Defendant is the Administrative Director of the Judicial Council of California. Defendant is sued in her OFFICIAL CAPACITY for injunctive and declaratory relief.

19. The true names and capacities, whether individual or otherwise, of defendants Does 1 through 50 are unknown to Plaintiffs, who, therefore, sue them by such fictitious names under CCP §474. Plaintiff is informed and believes that each of the defendants is responsible

- 4 -

in some manner for the acts or omissions alleged in this complaint which resulted in Plaintiffs' damages.

### III.   JURISDICTION AND VENUE

**20.**    Venue is proper in the Western Division of the Central District of California pursuant to 28 U.S.C. 1391 because the events giving rise to this claim occurred in Santa Barbara County, and the Plaintiffs reside in Los Angeles County both of which are served by this court.

### IV.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

**21.**    Section 1983 Exception: Plaintiff is not required to exhaust state judicial remedies before bringing a federal civil rights action under 42 USC 1983 (Patsy v Board of Regents).

**22.**    The immediate removal of the children were executed in a manner that divested Plaintiff of the ability to exhaust administrative remedies, as the action bypassed the mandatory grievance procedures required under Family Code/ Local Rules.

**23.**    Plaintiff has exhausted all available administrative remedies by filing a May 2025 ***RFO regarding minor's counsel bias and lack of due process, seeking a jurisdictional transfer, and directly expressing these grievances to the Judge*** during informal hearings; however these efforts were to no to avail as the court failed to address the underlying bias or the improper venue (CA code of Civil Procedure 397) despite the subsequent 50/50 order. Ultimately, the use of improper channels and constant bias has effectively silenced Plaintiff and denied a meaningful opportunity to be heard.

**24.**    Furthermore, there has been a delay in the Sholes v Sholes finalization case which commenced in 2021 legally. This lack of finality is not accidental but serves as a procedural barrier intended to prevent Plaintiff from seeking federal review or final appellate relief. Because the state court has failed to issue a final, appealable judgment despite multiple years of litigation, any further attempt to 'exhaust' state remedies is futile. The delay itself constitutes a separate violation of Plaintiff's 14th Amendment Due Process rights, as 'justice delayed is justice denied.'

**PLAINTIFFS COMPLAINT FOR DAMAGES**

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

**Louise Coachman, Pro Se**
Pro Se
LULUCOACHMAN@GMAIL.COM
818-696-3939

## IV. FACTUAL BACKGROUND

25. On April, 2024, due to an alleged and false accusation, Julian and Laura were removed from their mother's custody entirely with the ability to see her only with supervised visitations (paid for by Plaintiff). 24-48 hours after leaving his mother's home, the Plaintiff, age 6, under stress and coached by the father alleged that his mother threw him to his doctors. Two doctors inspected the Plaintiff showing zero physical marks on Julians body; X-rays were taken showing zero physical abnormalities to Plaintiff's body. Despite this, father waited for hours with the two children 48 hours after an alleged incident for a social worker to talk to Julian and Laura concerning the alleged incident. The children were tired and sick. The police arrived either that day or the following day and interrogated the children, aged 6 and 3 at the time.

26. Beatriz Coachman, the maternal grandmother **who lives with Ms. Coachman and the two children** were in fact the one who was watching Julian that day and reported that Julian was sleeping all day up till his father's arrival and that he was sick. She pre-emptively wrote to Ms. Kirker Wright explaining that no one in the household had hurt Julian, that she was there taking care of the children as she normally watches them during the workday. Ms. Beatriz Coachman was completely ignored and there was no response to her email. Ms. Kirker Wright did not follow up or acknowledge the email.

27. Ms. Kirker Wright did not investigate, she did not ask any questions, come to the Plaintiff's house, or do her job. In fact, Ms. Kirker Wright lives 2 hours away in Santa Barbara and hasn't had any contact with the children since 2021 despite billing Plaintiff for her services.

28. Ms. Kirker Wright accepted blindly what Defendant Steven Sholes fabricated and accepted it as evidence and used it to recommend to the Juge that the Plaintiff children be removed from their mother immediately, including Laura the youngest of the children and who was 3 years of age at the time and had no involvement in this alleged incident and accusation, but rather a child attached to her mother.

**PLAINTIFFS COMPLAINT FOR DAMAGES**

**29.** Following an Ex-Parte, initiated by Defendant Steven Sholes and Ms. Shulman Judge Sterne ordered in April/May 2026 that the children be immediately removed from the mother's custody and that the children could have access only upon supervised visitations. There was no trial, there was no discussion, there was no justice.

**30.** The children were removed from Ms. Coachman's care for over a year, and were continuously kept separate from their mother. Plaintiff met regularly with Ms. Kirker, Ms. Shulman, and Judge Sterne over the course of that year and they did not reinstate her parental rights in these meetings, but instead postponed indefinitely her constitutional right to hold that relationship and bond with her children.

**31.** Fortunately, the children and family survived the separation and their neglectful father but suffered traumatic psychological and emotional damages. The matter and alleged incident was investigated by Special Victims Unit, LAPD. The involved officers were Police Officer Arombello (plus associate police officer) and Veronica Torrez, Social Worker. Neither Veronica Torrez nor the DCSF Department pursued further action or wanted further involvement in the case, didn't request a removal of the children from their home using the Juvenile Dependency courts and Institutions Code Section 300 (WIC 300), and did not charge Ms. Coachman with any crimes.

**32.** There was **no warrant** for the removal of these children.

**33.** Prior this incident, Santa Barabara court has previously, continuously, and unilaterally failed to execute Plaintiff's due process rights throughout the divorce process, which was initiated in May 2021.

**34.** Plaintiffs' traumatic psychological and emotional injuries have severely disrupted their lives and livelihoods and has disrupted the Plaintiffs' sense of security, safety, self-esteem, bond with their mother, among many other challenges faced due to this deliberate indifferent and unlawful order. They continue to suffer from emotional and psychological trauma from being removed from their family unit.

**35.** In May 2025, Petitioner filed a motion to revoke Minor Counsel Vanessa Kirker Wright from her role and involvement in the case and outlined the bias that she has been

- 7 -

Louise Coachman, Pro Se
Pro Se
LULUCOACHMAN@GMAIL.COM
818-696-3939

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

adopting in her role in the Sholes v Sholes case since 2021. Ms. Kirker Wright did not object to the bias. Ms. Kirker Wright stated on the record that she has the right to be biased.

36.     In May 2025, Judge Sterne re-instated 50-50 custody but did not revoke Ms Kirker Wright from her involvement in the case and stated on the record, and against Ms. Kirker Wright's own assessment, that Ms. Kirker Wright is not biased and that she appointed her. The children were not returned full time in the care of their mother as requested by Plaintiff.

37.     Julian alleges to Plaintiff that father tells him on a daily basis that he is dumb among other terrifying incidents that he has reported to his mother and maternal grandmother including on December 2025 where he alleges that his father flung him down the stairs head first and that his paternal grandmother throws objects at him. Julian also alleged in the fall of 2025 that his grandfather smacked him in the face repeatedly and often.

38.     In December 2025 Steven Sholes had a serious car accident with the children, however he did not take the children to the ER or Urgent Care for suspicion of a concussion despite having suffered from long term and serious back pain injuries as a result as well as being implicated in a legal lawsuit regarding that very car accident. Steven Sholes did not inform the court, or the mother of the children that this accident had occurred until approximately 10 months later and only because he asked Minor's Counsel to be Guardian Ad Litem for the legal case involving the two children. Ms. Coachman did not agree and inquired further but no information was shared, despite this Minor Counsel fully supported Mr. Sholes and granted his request without a hearing or a judge's order. Ms. Kirker Wright did not reprimand Mr. Sholes for his secrecy and lack of disclosure nor did she inquire anything about the incident or why the children had not been taken to the ER.

39.     In June 2025 Laura was taken to the ER by father following her birthday at her mother's house despite the family and Laura having a dance party up to the point of father's arrival. Laura was not hurt and did not get hurt at Plaintiff's house yet father continued to fabricate evidence. Laura came back to mother's house with a splint and Laura said she was

hurt, but after ten minutes she took it off and started to run on her scooter without any complaints.

40. In 2025 there was another divorce and custody matter in Santa Barabara court: Reyes v Greybell. In this case the mother allegedly abused or hurt her child.

41. Ms. Greybell without any due process was separated from her child for at least 4 months if not longer.

42. Among one of the grievances Ms. Greybell had expressed to the court was the matter that neither the police nor the social workers were concerned or pursued a case against her, so "shouldn't we let them do their jobs?"

43. Hon Sterne calmly stated that the court is concerned about the best interest of the children and that the best interest of the children superseded the rights of the parents.

44. Among one of the many odd parallels between the two stories, Ms. Kirker Wright attacked Ms. Greybell verbally when Ms. Greybell questioned the court. Ms. Kirker Wright expressed that she wasn't mentally stable enough to be with her child.

45. Ms. Greybell, rather strongly, pointed out that she missed her child and implied how normal it is to have an emotional reaction after a child has been ripped from your custody especially in the manner that we are seeing in this courthouse.

46. Ms. Greybell eventually under pressure, without seeing her child, and having no other alternative to petition the government for a redress of grievances signed a deal with Ms. Kirker Wright and her ex-husband, certainly with less favorable terms than would have been just.

### FIRST CAUSE OF ACTION

**42 United States Code section 1983- Due Process in Violation Of Fourteenth Amendment- Against All Defendants Minus Shulman and Sholes**

47. Plaintiffs incorporate by reference all previous allegations.

48. Court Officials Vanessa Kirker Wright and Judge Sterne had a duty to use due process and follow process, including *the duty to allow Social Workers to fill out Section 300*

- 9 -
PLAINTIFFS COMPLAINT FOR DAMAGES

**Louise Coachman, Pro Se**
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

***Petition triggering a transfer to a Dependency Court*** for any seizure or removal of children from their mother, home, and grandmother. Instead, Defendants removed the victims of a manipulative father, causing traumatic emotional and psychological injuries during an already traumatic situation. The court officials failed to use reasonable measures to investigate, failed to rely on other authorities including the criminal justice system, or the Dependency court, and most importantly ***acted as a silo decision maker outside of their jurisdiction and without physical evidence***: judge, jury, and lawyers. Instead of neutralizing the threat of an already out of control hostile litigation, Defendants compounded the danger to the children by removing them from their loving mother and grandmother and placing them into the hands of a neglectful, verbally and emotionally abusive, and manipulative father while being deliberately indifferent to mother's (and children's) pain and the disruption to the family bonds and unit.

49.     ***Plaintiff's right of presumed parental fitness was violated.***

50.     Defendant court officials were acting within the scope of their employment with Superior Court of Santa Barbara Anacapa Division when they unreasonably and unlawfully separated two innocent children from their fit mother.

51.     Defendants (minus Sholes & Shulman) should be held responsible, because they denied Plaintiff the specialized protections of the Dependency court.

52.     Defendants Hon Maxwell, Hon Kelly, Hon Sterne, and Mr. Parker acting in their individual and administrative capacities, failed to implement and maintain a constitutionally adequate system to ensure that no child is removed or detained without the filing of a mandatory WIC 300 jurisdiction petition and dependency court warrant (WIC 340). WIC 306 is a Welfare and Institutional code, not a code to be used by Family Law minor counsels and judges and it is to be used during extremely Exigent Circumstances by a social worker or a police officer in the case of WIC 305. Defendants have failed to abide by the law in using WIC outside of her jurisdiction.

53.     Mr. Parker's office and team is in charge of processing the order, which they should not have done. That order should have been void.

- 10 -

**54.** Hon Maxwell and Hon Kelly court rules must include proper process for child removal from a presumed fit parent, and any parent.

**55.** Defendant Kelly is being included as a Defendant despite starting her appointment in 2025 because there have been repeated and continued offense(s) where due process violations continue to occur and re-occur, including but not limited to Plaintiff's children being separated from her between January 1, 2025 – May, 2025.

**56.** Under California Rule of Court 10.603 Presiding judges, including Hon Maxwell and Hon Kelly, have a mandatory legal and stringent duty to supervise the other judges including Judge Sterne. Hon Sterne ran a "void" courtroom for a year without Hon Maxwell or Hon Kelly stopping her, the failure to stop Hon Sterne is the presiding judge's duty by law.

**57.** Plaintiffs are also entitled to damages for the pain and suffering caused by Defendants and Defendants' delays in rectifying the situation.

### SECOND CAUSE OF ACTION

**42 United States Code section 1983- Family Integrity in Violation Of Fourteenth Amendment- Against All Defendants Minus Shulman and Sholes**

**58.** Plaintiffs incorporate by reference all previous allegations.

**59.** Plaintiffs were unreasonably and unlawfully separated from their mother and grandmother. Defendants are responsible for the severing of the family unit, family relationships and bonds, family structure, and family home. Plaintiffs have the Right to be a Family. *The right of a parent to the care, custody, and management of her children is a fundamental liberty interest protected by the Fourteenth Amendment which includes the right to familial integrity and the right to live together without arbitrary state interference.* By removing the children without the Dependency Court process or a warrant, Defendants acted as if Plaintiff was already an unfit parent.

**60.** Hon Sterne acted in the *"clear absence of all jurisdiction"* by skipping the *Petition 300 which is filed by a social worker. Hon Sterne violated Plaintiff substantive due process right to "family integrity" by removing the children based on "suspicion"*

**PLAINTIFFS COMPLAINT FOR DAMAGES**

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-869-3939

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

*rather than "proven unfitness" or "imminent danger."* Hon Sterne and Ms. Kirker Wright took it upon their own hands to remove these children from their families and split the family apart, they did not follow the law or follow process.

61.    Minor Counsel Ms. Kirker Wright is responsible, by admitting bias and failing to protect the children's right to be with their fit parent, she became a participant in the deprivation. Despite not being the direct decision maker, as a *"State Actor" Ms. Kirker Wright under 1983 conspired with the judge to keep the kids away from Petitioner despite the lack of jurisdiction,* she is liable for the interference with family integrity. Ms. Kirker Wright abused her privileged position as advocates of innocent children and weaponized it against the interest of the family unit, all in the while billing Plaintiff.

62.    Under the 14th Amendment, the State (and the Court) has a "Duty of Care" to ensure that their procedures don't arbitrarily destroy families. *By failing to have an administrative policy that require a transfer to Dependency Court before a removal occurs, the Defendant Mr. Parker and Presiding Judge Maxwell created a "Systemic Risk."* They are liable because their "custom" of staying in Family Law – where you don't get the same protections as Dependency – effectively "lowered the bar" for the State to break up families, including this one.

63.    Hon Maxwell and Hon Kelly are accountable for assigning and allowing a Family Law judge to rule on a Dependency Judge issue and order. The presiding judge(s) is responsible for ensuring that all judges in their court follow the law regarding subject-matter jurisdiction. Presiding Judges sign the "Local Rules" of the court. If those rules don't mandate a WIC 300 petition check before a child is taken, that is a written policy failure.

64.    Mr. Parker is accountable for administratively allowing and for processing the orders for a case that was unlawfully assigned and executed by a Family Law Judge. There was deliberate indifference that goes beyond reason.

65.    Defendants were aware of the practices within his courthouse but failed to administratively fix the problem.

**PLAINTIFFS COMPLAINT FOR DAMAGES**

66.    Hon Kelly is included on this claim despite coming on in 2025 as there has been a repeated and continued offense(s) and no administrative or policy change implemented from January 2025 to May 2025 and till present.

67.    The County is liable for having created these unwritten policies and customs prior to the state funding of the court in 1997.

68.    Plaintiffs are entitled to damages for the pain and suffering as a direct result of Defendants' deliberate indifference.

**THIRD CAUSE OF ACTION**

**42 United States Code section 1983- Petition Government for Redress for Grievances Of First Amendment- All Defendants Minus Shulman & Sholes**

69. Plaintiffs incorporate by reference all previous allegations.

70.    Plaintiffs were separated forcefully, causing tremendous stress and trauma to all Plaintiffs. Plaintiff filed motions to change venue, to remove minor counsel, Plaintiff expressed grievances with the court, but her grievances were ignored and her motions were denied.

71.    Defendant Judge Sterne, acting in concert with Minor's Counsel, effectively shuttered the doors of the Juvenile Dependency Court – the only court with subject matter jurisdiction over child removal – thereby depriving the Plaintiff of the First Amendment right to petition the government for a redress of grievances. *By bypassing the mandatory statutory framework of WIC 300, the Defendants ensured that the Plaintiff had no meaningful legal channel to challenge the seizure of her children for a period of one year.*

72.    Under the first amendment, the *government cannot create "loops" that prevent Plaintiff from reaching the correct legal remedy. By failing to enforce the "border" between Family and Dependency court, the presiding Judge Kelly effectively "shuttered the windows" of the courthouse where Plaintiff's redress was supposed to happen.*

73.    Mr. Parker is responsible as the CEO's office processed a one-year removal order under a "Family Law" case number without flagging it for "Dependency" (where

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

Plaintiffs right to petition is protected by mandatory counsel and 48-hour hearings), the CEO participated in the procedural denial of redress. Mr. Parker maintained a *"Defective Administrative Infrastructure" that allowed Petitioner's grievances to be ignored in the wrong venue for over 365 days.*

74. Despite meeting with Hon Sterne and Ms. Kirker Wright several times between April 2025 and May 2025 and expressing her grievances for the unlawful seizure of the children, the children continued to be held by means of an unlawful court order.

75. Mr. Parker failed to intervene administratively through failure to implement and/or execute proper check and balances, policy to address an emergency non-lawful order, and failure to properly audit court orders and void them. Mr. Parker failure left Plaintiff in a state whereby she could not further petition the government for redress of grievances.

76. Hon Maxwell and Hon Kelly are responsible for failure to supervise the business of the court, failure to ensure administrative and systematic compliance, and failure to monitor the performance of judges to ensure they are following the local and federal laws and court rules. Hon Maxwell and Hon Kelly have the power to reassign judges or issue "delay reduction" orders, their inability to do so directly violated Plaintiff's ability to redress the government for grievances. As Plaintiff was experiencing Dependency orders in a Family Law court room, Plaintiff was left without the ability to redress the government for grievances.

77. The County of Santa Barbara created the custom and practice that we are seeing play out in the courts today.

## FOURTH CAUSE OF ACTION

### 42 United States Code section 1983- Unreasonable Seizure in Violation Of Fourth Amendment- Against All Defendants Minus Shulman and Sholes

78. Plaintiffs incorporate by reference all previous allegations.

79. Defendants Vanessa Kirker Wright and Judge Sterne unreasonably and unlawfully seized the two children from their home and mother *without a warrant*. Defendants were aware of father's litigious nature and fraudulent claims, however Defendants bias, customs, and practice

- 14 -

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

allowed the Coachman family to be ripped apart. The Plaintiff children Julian and Laura were victims of a severe case of parental alienation, manipulation, and brainwashing. The inexplicable seizure of the victims in father's crime constitutes **unreasonable force under the Fourth Amendment**. Defendants' constitutional violations caused Plaintiffs traumatic injuries and compromised their livelihoods, sense of safety, and family bonds.

80.   Plaintiffs have the right to sanctity of the home without unreasonable seizures, disruptions, encroachment, and constructive destruction.

81.   Defendant Judge Sterne acted in clear absence of all jurisdiction by failing to initiate a WIC 300 petition or transfer the matter to the Juvenile Dependency Court. *By bypassing the mandatory statutory framework required for child removal in the State of California, the Defendant stripped the seizure of its "reasonableness" and legal cladding. Judge Sterne acted outside her subject-matter jurisdiction by performing a removal only permitted in Dependency. Judge Sterne violated the process, bypassing the mandatory WIC 300 process which is filed by a social worker.* Had Hon Sterne given orders around custody and visitation, she would have judicial immunity; however the complete and permanent removal of children from their mother is not within her jurisdiction and this act *overcomes judicial immunity under the 'clear absence of jurisdiction' exception.*

82.   *Presiding Judge Kelly, Hon Maxwell, and CEO Mr. Parker are responsible because they allowed a "custom" where a judge can seize a child without a warrant or a WIC 300 petition.* The court failed to have an administrative "Stop-Gap" to prevent Family Law judges from performing the executive function of "seizure" without the legal paperwork.

83.   Presiding judges Hon Kelly and Hon Maxwell allowed the unlawful seizure of two children without a warrant, the seizure of the family unit, the seizure of the bonds and relationships and the seizure of the family's liberty and security. Presiding judges Hon Kelly and Hon Maxwell failed to properly supervise their courtroom for one year where the unlawful seizure continued to occur for over 365 days.

84.   Administrative Director, acting as CEO Mr. Parker, failed to void the unlawful order or correct the procedural errors, effectively allowing a void judgment to become law.

- 15 -

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

## FIFTH CAUSE OF ACTION

### United States Code section 1983- *Monell* Claim

### Against All Defendant – Minus Shulman and Sholes

**85.** Plaintiffs reallege and incorporate by reference all previous allegations.

**86.** Plaintiffs were deprived of their civil rights to be free from having their most prized possession unlawfully seized: their familial bonds, relationships, extended family, company, customs, loved ones, and liberty to care for their offsprings/be cared for.

**87.** Superior Court of Santa Barbara Anacapa Division, an arm of the state government, had official policies or customs that led to the unreasonable removing of these innocent children from their family home, including but not limited to inadequate customs and policies related to training court appointed officers on due diligence, evaluating litigious prosecutors, de-escalation, responding to active outcries of injustice, minor counsel retention, supervision, hiring, allowing the police to do their job in investigating and prosecuting crimes, and emergency response. The Defendant officials of the court previously employed by the County of Santa Barbara and currently employed by the state intentionally removed Plaintiffs from their family in violation of their rights to have a family, to feel a sense of safety, to presume parental fitness, and so on. The offending court officials committed these disturbing acts because of the practice and custom of the Superior Court of Santa Barbara Anacapa Division policies and customs and these customs and policies albeit indifferently executed and practiced regularly are unconstitutional policies and customs.

**88.** The County's custom of warrantless removal is so deeply ingrained that it manifested as a systemic bias, causing Defendants to willfully ignore the presence of a fit, co-resident grandmother who had provided day-to-day care for the children's entire lives – thereby prioritizing an extrajudicial seizure over the obvious, less-restrictive alternative of family integrity.

**89.** The presiding *Judge Kelly and Judge Maxwell have a mandatory duty to ensure that cases are assigned to the correct departments (Juvenile vs Family). By allowing a Family Law judge to perform repeated "Seizures" without a 300 petition, the Court leadership has established a de facto policy of bypassing the Fourth Amendment. This policy revokes the constitutional rights of Plaintiffs and others.* Both the CEO Mr. Parker and Presiding Judge Kelly and Maxwell should be

- 16 -

held liable as they created a constitutional hole within their court. By allowing this breach of jurisdiction to continue, the Court and its leaders are "State Actors" conspiring to violate the Fourth Amendment rights of its citizens. This court has permitted a systemic bypass of the Welfare and Institutions Code 300 process, resulting in the unconstitutional seizure of the minor children without a warrant, without a petition, and in the clear absence of subject-matter jurisdiction.

90. Defendants acted with deliberate indifference.

91. The custom and practice of the courthouse, which has been ongoing for decades, was the moving force behind Ms. Kirker and Hon Sterne collective unlawful seizure of children and the family bond and family unit, consequently the County of Santa Barbara who created the custom and practice is also held accountable. The county is responsible for the legacy of bias.

## SIXTH CAUSE OF ACTION

### 42 United States Code section 1983 – 14th Amendment: Equal Protection

### Against All Defendants Minus Shulman & Sholes

92. Plaintiffs incorporate by reference all previous allegations.

93. Plaintiff suffered unequal protection and bias in the Santa Barbara courtroom systematically leading to the severe and irrevocable removal of her two children for over a year. Defendants Vanessa Kirker Wright, Steven Sholes, and Maya Shulman smeared her reputation amongst the court room and used via Steven Sholes and Ms. Shulmans RFO 10/03/2022 among other occasions an abduction and 'flight risk' fabricated narrative to paint Plaintiff Ms. Coachman in the worst possible light. Ms. Coachman is a U.S. citizen by birth born abroad and the law treated her differently for being born abroad compared to her counterpart Mr. Sholes who is a U.S. citizen by birth born in the U.S. Ms. Coachman has lived in the United States since she was 4 years of age and her ancestors aided in the drafting of the constitution.

94. Equal Protection requires government actors to act with neutrality. By admitting to bias, on the record but continuing to advocate for a specific outcome, Ms. Kirker Wright along with Hon Sterne, treated Plaintiff differently than any other parent in their caseload. Both singled out Plaintiff for "suspicion" and "punishment" while ignoring the father's actual neglect (the car accident). This is "arbitrary and capricious" treatment based on personal animus rather than the law.

- 17 -

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

**Louise Coachman, Pro Se**
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

95. Hon Sterne was notified of Ms. Kirker Wright's bias and ignored it. Hon Sterne "validates" the unequal treatment posed by Ms. Kirker Wright and is accountable for her actions. Hon Sterne seized the children based on "suspicion" (while securing passports earlier without having the jurisdiction to do so), Hon Sterne applied a double standard. She held Plaintiff to a "perfection" standard while holding the father to a "no-accountability" standard. This is a classic Equal Protection violation.

96. The County has no mechanism to remove biased actors even after they confess to it, they have a policy that violates Equal Protection. The County allowed a system where Plaintiff was treated like a "Family Law Litigant" (no free lawyer, no mandatory hearings) while the father's "suspicion" against Plaintiff was treated with "Dependency Court Powers" (removal of children). Plaintiff was denied the "Equal Protection" of the Dependency laws that are supposed to apply to all child removals.

97. Presiding Judges Maxwell and Kelly failed to create rules of the court consistent with the constitution or have failed to uphold their judges to an equal protection caliber.

98. Mr. Parker has failed to uphold administrative policy to diminish unequal protection. Both Presiding judges and Mr. Parker failed to investigate, audit, or supervise the courthouse productively.

## SEVENTH CAUSE OF ACTION

**42 United States Code section 1985- Conspiracy to Interfere with Civil Rights Violation Of Fourth Amendment - Against Maya Shulman,  Vanessa Kirker Wright, Steven Sholes**

99. Plaintiffs incorporate by reference all previous allegations.

100.        Defendants systematically and perpetually targeted Plaintiff Ms. Coachman throughout nearly 5 years of litigation, accusing her of being mentally unstable and being an unfit parent. Accusations were criminal in nature such as physical abuse and abduction of children to another country. Plaintiff is U.S. Citizen by birth born abroad and lived in the States from 4 years of age. Opposing counsel used the 'born abroad' fact as a smear campaign and the court treated Plaintiff unequally and with prejudice as a direct result.

- 18 -

**101.** Driven by Defendants Kirker's overt bias against Plaintiff, Defendants worked collectively to target Plaintiff throughout the divorce process. Ms. Kirker Wright's lack of investigation and presumption of guilt through complete acceptance of Mr. Sholes' facts is evidence while rejecting Plaintiff's to this collective conspiracy between Defendants.

**102.** CEO Mr. Parker is responsible for not ensuring better policies, practice, and customs consistent with the constitution. Mr. Parker did not ensure a fail-safe system.

**103.** Hon Kelly and Hon Maxwell failed to supervise her courthouse.

**104.** Neither Mr. Parker, Hon Kelly, or Hon Maxwell investigated Ms. Kirker Wright.

## EIGHTH CAUSE OF ACTION

**42 United States Code section 1985- 14th Amendment – Equal Protection**

**Against all Defendants Minus Shulman, Sholes, Kirker, Hon Sterne**

**105.** Plaintiffs incorporate by reference all previous allegations.

**106.** Plaintiffs were removed from their mother's care and Plaintiff suffered incredible loss and trauma as a result. Plaintiff alleges that this is part of a broader strategic problem within the court that she was unilaterally attacked for having been born abroad. The Superior Court of Santa Barbara and its officials have a policy to allow smear campaigns, create smear campaigns themselves through minor counsel, and support un-proven facts as a means to their bias and desired outcomes.

**107.** Plaintiff alleges that other members of the Santa Barbara community, women within the same court system, are systematically attacked with having mental illness with no cause while maintaining preferential treatment to the men. The manner in which Ms. Kirker Wright attacks women in that court room with mental illness violates the 14th amendment of women in that courtroom.

**108.** CEO Mr. Parker, Hon Maxwell, and Hon Kelly is responsible for not ensuring better policies, practice, and customs within the courthouse and failure to supervise or have rules of the court consistent with the U.S. Constitution.

**REQUEST FOR RELIEF**

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

WHEREFORE, Plaintiff prays for relief as follows:

1. For general damages in an amount according to proof at the time of trial;

2. For lost earnings in an amount according to proof;

3. For special damages, in an amount according to proof;

4. For other economic loss according to proof at the time of trial;

5. For costs of suit incurred herein;

6. For prejudgment interest in an amount according to proof;

7. For such other and further relief as the court deems just and proper.

8. For all punitive damages warranted under the law.

9. For compensatory damages in amount according to proof.

10. For injunctive relief including policy change, change in venue, finalization of divorce Sholes v Sholes.

11. For Declaratory relief that revoking children in this manner is unconstitutional.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial.

DATED:  January 28, 2025                Louise Coachman, Pro Se

By:_____

LOUISE COACHMAN SHOLES
*Pro Se for Plaintiffs*

Louise Coachman, Pro Se
PRO SE
LULUCOACHMAN@GMAIL.COM
818-696-3939

- 20 -